IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724 |
| | HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO: | |
| Molina Healthcare, Inc. v. Actavis Elizabeth, LLC | No. 20-695 |
| Humana Inc. v. Actavis Elizabeth, LLC | No. 18-3299 |
| Humana Inc. v. Actavis Elizabeth LLC | No. 19-4862 |
| Humana Inc. v. Actavis Elizabeth LLC | No. 20-6303 |

**ORDER**

On September 4, 2025, several Defendants[1] moved to disqualify W. Joseph Nielson and his law firm, Lowey Dannenberg, P.C., from representing Plaintiffs Molina Healthcare and Humana Inc in the above-captioned matters[2]. Following Plaintiffs' response,[3] this Court referred the matter to Special Master Lawrence F.

---

[1] Mylan, Lannett Company, Inc., Sandoz Inc., Fougera Pharmaceuticals Inc., Bausch Health Americas, Inc.; Bausch Health US LLC; Oceanside Pharmaceuticals, Inc. Citron Pharma, LLC, Breckenridge Pharmaceutical, Inc., Dr. Reddy ' Laboratories, Inc., Heritage, Pharmaceuticals Inc, Emcure Pharmaceuticals, Ltd., Satish Mehta, Teva Pharmaceuticals USA, Inc., Barr Pharmaceuticals, Inc., Pliva, Inc., Actavis Elizabeth, LLC, Actavis Holdco U.S., Inc., and Actavis, Pharma, Inc., Apotex Corp., Epic Pharma LLC, Mayne Pharma Inc., Pfizer Inc., Greenstone LLC, G&W Laboratories, Ascend Laboratories, Aurbindo Pharma, Inc. Zydus Pharmaceuticals (USA) Inc., Sun Pharmaceutical Industries, Inc., Mutual Pharmaceutical 5.Company, Inc., Taro Pharmaceuticals USA. Inc. and Taro Pharmaceutical, Perrigo New York, and Perigo Company plc.
[2] [MDL Doc. Nos. 3556 and 3662]
[3] [MDL Doc. Nos. 3715, 3716 and 3717]

Stengel for his consideration and recommended resolution.[4] After reviewing the parties' submissions and oral arguments, Special Master Stengel, on January 8, 2026, issued his Report and Recommendation recommending Defendants' motion be denied.[5] On January 29, 2026, Defendants filed objections[6] to the R&R.

Mr. Nielson moved from public employment as an Assistant Attorney General for Connecticut, where he represented that state, along with several other states and other jurisdictions, in litigation against Defendants /Movants herein and many of their co-Defendants regarding the same or similar claims of antitrust and restraint of trade in the generic drug industry, to private employment with the firm of Lowey Dannenberg, where he now represents private plaintiffs involved in similar litigation. All of this litigation is under the umbrella of the above-captioned Federal Court multidistrict litigation. Movants claim Mr. Nielson's past representation of Connecticut violated Pennsylvania's Rules of Professional Responsibility 1.11(a) and (c).

Plaintiffs object to this Court's reviewing and ruling upon Movant's objections because, Plaintiffs argue, the objections are untimely and therefore deserve summary dismissal. Defendants received the R&R directly by email from Special Master Stengel

---

[4] [MDL Doc No. 3658]
[5] [MDL Doc. No. 3932]
[6] [MDL Doc. No. 3994]

on December 29, 2025.[7] The Court, however, agrees with Defendants that PTO 49[8], which was adopted by PTO 163¶12,[9] starts the countdown for filing objections after the report's filing on the docket. Nevertheless, the objections were not timely filed. Plaintiffs, in support of their contention, cite Fed. R. Civ. P.Pro. 53(f), which provides in relevant part:

> (f) Action on the Master's Order, Report, or Recommendations.
> (2) Time to Object or Move to Adopt or Modify. A party may file objections to—or a motion to adopt or modify—the master's order, report, or recommendations no later than 21 days after a copy is served, *unless the court sets a different time.*

(Emphasis added.) This Court did set a different time. PTO 49 requires "objection[s] to any report and recommendation filed by the Special Master or Special Discovery Masters within 14 calendar days from the date it is filed with the Court." PTO 163, cited by both sides in support of their positions on when objections must be filed, did not change the 14-day deadline. *Id.*, ¶¶ 1 and 12. As the deadlines are not jurisdictional, and the issue raised by the Defendants' objections is substantive, this Court will nevertheless exercise its discretion to consider and rule on them. **N.B.** *PTO 49 further states, "If no objections are timely filed, the Recommendation will be deemed to be accepted by all parties and affected non-parties, and the Court will enter an appropriate Order."* **In the future, objections to a Master's report and recommendation filed beyond the**

---

[7] [MDL Doc. No. 3998]
[8] [MDL Doc. No. 667]
[9] [MDL Doc. No. 1707]

3

**fourteen-day deadline set by PTOs 49 and 163, as allowed by Rule 53(f)(2), will be deemed dismissed as untimely by operation of PTO 49.**

Movants object to the R&R's conclusion that Rule 1.11(c) does not disqualify Mr. Nielson because former government enforcers are disqualified if they could potentially use confidential government information ("CGI") obtained during the course of their public service to the disadvantage of an adverse party compelled to reveal that information to the attorney/public servant as a result of participation in an investigation. Movants claim the R&R affirms that Mr. Nielson, while an Assistant Attorney General, was exposed to confidential information relevant to the MDL that he has not, and promises not to share with the Plaintiffs.[10] Movants, though, read too much into the first eleven words of a footnote in the R&R.[11] The footnote, when read to the end, credits Mr. Nielson's promise that if he has such information, he will not share it with his clients or other MDL parties aligned with them. That same footnote credits reports submitted by Plaintiffs' experts, opining that Mr. Nielson, in compliance with PTO 70[12] and later, related orders shared discoverable materials exclusive of trade secrets, business information unrelated to MDL litigation, or personal or embarrassing information unrelated to the MDL.[13] The R&R credited

---

[10] [MDL Doc. No. 3994, pp. 7-8]
[11] R&R, p. 16 n.10
[12] [MDL Doc. No. 841] PTO 70 resulted from a stipuation between Plaintiffs and Defendants, including movants and respondents in this matter, providing them access to almost all information Connecticut and other state Plaintiffs collected.
[13] [MDL Doc. Nos. 293-2, p. 4; 293-3, pp 5-6.]

Plaintiffs' experts' reports over those of Movants' expert[14] because the former contained numerous references to this litigation, and the latter was instead a largely context-free discussion of the law. At the same time, the latter did not consider the close, court-ordered cooperation among all state and most private plaintiffs in sharing and revealing discovery. (The Movants' expert report never mentions PTO 70 or other related orders central to determining whether other Plaintiffs lack the discovery Mr. Nielson possessed or encountered when working for Connecticut.)

Movants' objections direct this Court's attention to exceptions to the full disclosure required by PTO 70 and note that Mr. Nielson might have been exposed to the information in non-disclosed documents, as well as in discussions with or presentations—written and oral—by unnamed persons and unspecified entities.[15] PTO 70 provided a means to resolve disputes and objections to disclosures of materials collected by Connecticut. Movants' objections in this matter have not cited any disputes, nor identified any source of undisclosed or non-disclosable, non-corporeal information Mr. Nielson might possess to the Movants' (or anyone else's) prejudice, nor that Mr. Nielson or Connecticut stood in the way of any disclosures.

Movants also argue that Mr. Nielson's former employer, the State of Connecticut, did not consent to his representing the Plaintiffs herein. That claim is belied by the September 24, 2024, letter from Connecticut Associate Attorney

---

[14] [MDL Doc. No. 3662-1]
[15] [MDL Doc. No. 3994, pp. 9-12.]

General Jeremy Pearlman, acknowledging Mr. Nielson's intention to work for Lowey Dannenberg as Plaintiffs' lawyer in the MDL, and stating the state is not prejudiced by that employment.[16] It memorializes the ongoing cooperation between Connecticut and other Plaintiffs in the MDL pursuant to long-standing CGIs.

In conclusion, this Court agrees with the R&R's recommendation that the motion to disqualify Mr. Nielson will be denied. The possible scenarios Movants posit but do not flesh out do not require disqualification or outweigh the factors the Third Circuit states might outweigh the need for disqualification.[17] As the motion to disqualify Mr. Nielson's employer, Lowey Dannenberg, rests entirely on Mr. Nielson's alleged violation of the Rules of Professional Conduct, and there was no violation, that motion will also be denied.

**AND NOW**, this 9th day of March, 2026, it is hereby **ORDERED** that the objections to the Report and Recommendation of Special Discovery Master Lawrence Stengel Resolving Defendants' Motion To Disqualify Plaintiffs' Counsel and Law

---

[16] [MDL Doc. No. 3717, p. 18.]

[17] "[A] court may conclude based on the facts before it that disqualification is not an appropriate remedy. Relevant factors depend on the specifics of the case, but generally include the ability of litigants to retain loyal counsel of their choice, the ability of attorneys to practice without undue restriction, preventing the use of disqualification as a litigation strategy, preserving the integrity of legal proceedings, and preventing unfair prejudice. Sometimes disqualification is more disruptive than helpful even though an attorney may not have satisfied his or her professional obligations. And, indeed, courts in our Circuit often deny disqualification even when finding or assuming conflicts under the professional conduct rules." *In re Boy Scouts of America*, 35 F.4th 149, 160 (3d Cir. 2022).

Firm are **DENIED** for the reasons set forth above. The Report And Recommendation to the Court Resolving Defendants' Motion to Disqualify Plaintiffs' Counsel and Law Firm is **APPROVED and ADOPTED**.[18]

It is so **ORDERED**.

March 9, 2026

BY THE COURT:

/s/ Cynthia M. Rufe, J.
_____
CYNTHIA M. RUFE, J.

---

[18] [MDL Doc. No. 3932]